IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00462-CYC

EDWARD HOID,

    Plaintiff,

v.

COLORADO DEPT. OF CORRECTIONS, et al.,

    Defendants.

---

### ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the plaintiff's Motion for Appointment of Counsel, ECF No. 112, which asks the Court to appoint counsel to represent him in this matter. Unfortunately, at this point, the plaintiff's request is premature and, as such, for the reasons that follow, the Motion is **DENIED without prejudice**.

### ANALYSIS

At the June 25, 2025 Status Conference, the Court discussed with the parties the plaintiff's desire to amend his complaint and set a deadline for him to either (1) amend with the agreement of the defendants or (2) file a motion asking for leave to amend if the defendants do not agree to the proposed amendments. ECF No. 110. On September 4, 2025, the Court extended the plaintiff's deadline to October 6, 2025. ECF No. 120 at 4. That deadline has not yet elapsed and amendment of the plaintiff's claims has not occurred.

In the meantime, the plaintiff requests appointment of counsel. Unlike criminal defendants, civil claimants do not have a Sixth Amendment right to appointed counsel. *Fischer*

*v. Dunning*, 574 F. App'x 828, 832 (10th Cir. 2014). Moreover, a district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating those factors and including fourth factor: "the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel"). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115.

At this stage, the plaintiff's asserted reasons for appointment fall short of carrying that burden. While the plaintiff would like pro bono counsel, that desire does not carry the burden. To be sure, "having counsel appointed would . . . assist[] him in presenting his strongest possible case," but "the same could be said in any case." *Rucks*, 57 F.3d at 979. Indeed, a person's financial status does not guarantee the right to counsel in civil cases. *See Jones v. Pizza Hut, Inc.*, No. 10-cv-00442-WYD-KMT, 2010 WL 1268048, at *1 (D. Colo. Mar. 30, 2010); *see also Vasquez v. U.S. Off. of Pers. Mgmt.*, 847 F. Supp. 848, 849 (D. Colo. 1994) ("There is no constitutional right to counsel simply because a litigant is indigent."). And while there is little

reason to doubt the general difficulty of handling a federal lawsuit, the actual subject matter of the plaintiff's complaint is not amongst the most complex that find their way into federal court. Further, while the plaintiff avers that "[t]he case contains extreme merit," ECF No. 112 at 1, the Court has not yet had the opportunity to consider the claims on the merits because after the defendants filed dispositive motions, the plaintiff requested to amend his complaint and then requested and was granted a stay in the form of administrative closure. *See* ECF Nos. 76, 90. In addition, the plaintiff's filings thus far have not demonstrated an inability to articulate his arguments to the Court. One final thing to note is that the plaintiff's prior request for appointment of counsel was denied on July 17, 2025, ECF No. 111, and he filed the instant motion requesting the same relief less than two weeks later. In the Court's July 17, 2025 Order, it explained that special circumstances such as "poor eyesight" or "memory lapses" would be considered by the Court. The plaintiff baldly asserts in the motion "I go blind, I have brain damage," ECF No. 112 at 2, but these unsupported allegations do not meet the plaintiff's burden. *See Scarver v. Williams*, No. 21-cv-02149-DDD-KLM, 2023 WL 10555176, at *2 (D. Colo. Apr. 7, 2023).

In sum, the plaintiff is currently considering amendment of his claims, the case is not overly complex, it is yet unclear how meritorious the plaintiff's claims are, and there is no evidence that special circumstances exist warranting the appointment of counsel. Should the facts the Court has considered materially change, the plaintiff may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial"). However,

the Court cautions the plaintiff that this is not an invitation to file another motion requesting identical relief when there has been no change in the circumstances of this case.

## CONCLUSION

For the foregoing reasons, the plaintiff's Motion for Appointment of Counsel, ECF No. 112, is **DENIED without prejudice**.

Entered and dated this 2nd day of October, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge

4