IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00462-CYC

EDWARD HOID,

     Plaintiff,

v.

COLORADO DEPT. OF CORRECTIONS, et al.,

     Defendants.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

On September 4, 2025 and again on October 23, 2025, the Court addressed Plaintiff Edward Hoid's desire to amend his complaint and, because the parties "h[ad] muddied the waters," explained various applicable rules, including Federal Rules of Civil Procedure 8 and 15 and Local Rules 7.1 and 15.1, and set November 7, 2025 as the new deadline for the plaintiff to file a motion to amend his complaint and a proposed amended complaint. ECF Nos. 120 and 134. In its October 23, 2025 Order, the Court also set specific conditions on the proposed amended complaint. ECF No. 134 at 4–5.

On November 5, 2025, the plaintiff filed a Motion to Amend Complaint. ECF No. 135. In contravention of the Court's many warnings, *see, e.g.*, ECF No. 134 at 2 and ECF No. 120 at 2, the plaintiff did not comply with D.C.COLO.LCivR 7.1(a) before filing the motion. The Court has provided clear instructions to the plaintiff about what this Local Rule requires including in the September 4, 2025 Order and the October 23, 2025 Order. In the September Order, the Court explained:

even though he proceeds in this matter pro se, he is obligated to comply with the same procedural rules that govern other litigants. *E.g., Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994); *Rucinski v. Torian Plum Condo. Owners Ass'n, Inc.*, No. 08-cv-02798-WJM-MJW, 2011 WL 1235517, at *2 (D. Colo. Apr. 1, 2011) ("The fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court."). This includes D.C.COLO.LCivR 7.1(a) which requires that "[b]efore filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable, good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty." **This means that before filing a motion with the Court, the plaintiff must confer with opposing counsel.** The Court has previously advised the plaintiff of this requirement. *See* ECF Nos 101 at 1, 108 at 1, 110 at 1. Given that the three motions filed by the plaintiff do not comply with Rule 7.1(a), they must be denied. **Any future motion filed by the plaintiff that does not comply with Rule 7.1(a) will be summarily stricken.**

ECF No. 120 at 2. In the October 2025 Order, the Court provided this information and, noting that it had previously warned the plaintiff that any motion that does not comply with Rule 7.1(a) would be stricken from the record, struck three motions filed by the plaintiff. ECF No. 134 at 2.

In addition to the plaintiff's Motion to Amend Complaint filed at ECF No. 135, there are several other motions pending before the Court: ECF Nos. 141, 142, 155, 156, 160, 167, 169, 170, and 175. The Court has reviewed each and none of them comply with the requirements of Rule 7.1(a). Notably, in ECF No. 142, the plaintiff appears to understand that he is not complying with Rule 7.1(a) and dismisses the requirements of the rule. He states that the defendants "request to dismiss this case[ ] due to me not giving them a jingle and confer with them ex parte to the Court." *Id*. at 1. He states that he is conferring by arguing against them, but that is not what the rule requires. As the Court has made clear to the plaintiff, he must confer with opposing counsel about the substance of a motion before filing the motion and must "describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty." ECF No. 120 at 2 (quoting D.C.COLO.LCivR 7.1(a)); ECF No. 134 at 2. His failure to do so is fatal.

2

There is a further problem with the plaintiff's Motion to Amend Complaint, ECF No. 135, and the proposed amended complaint. ECF No. 134. In addition, to the motion failing to comply with Rule 7.1(a), the proposed amended complaint also did not comply with the conditions set in the Court's October 23, 2025 Order. For example, the Court set a 30-page limit for the proposed complaint "which [was] applicable to and include[d] any attachment to the complaint." ECF No. 134 at 2. The proposed amended complaint is comprised of 33 pages, ECF No. 136, and attaches 48 pages of exhibits. ECF No. 136-1. As the Court has repeatedly reminded the plaintiff,

> even though he proceeds in this matter pro se, he is obligated to comply with the same procedural rules that govern other litigants. *E.g., Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994); *Rucinski v. Torian Plum Condo. Owners Ass'n, Inc.*, No. 08-cv-02798-WJM-MJW, 2011 WL 1235517, at *2 (D. Colo. Apr. 1, 2011) ("The fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court.").

ECF No. 120 at 2. Ignoring Court Orders is unacceptable. And, as the Court explained in its October 23, 2025 Order, the plaintiff has been warned many times by judges in this District about the rules that apply to civil cases. *See* ECF No. 134 at 2–3 (identifying thirteen other cases the plaintiff filed in this district and noting that in at least four of those cases the plaintiff was provided with information about the requirements of Rules 8 and 15).

Because each of the pending motions filed by the plaintiff do not comply with the Local Rules of this District or the Court's Orders, it is hereby ORDERED that ECF Nos. 135, 141, 142, 155, 156, 160, 167, 169, 170, and 175 are **STRICKEN**. As the Court noted in October 2025, this

> leaves the parties and the Court back in the same situation they found themselves in on September 4, 2025 — the plaintiff would like to amend his complaint, but has not filed a motion seeking leave to amend and a proposed complaint that complies with the applicable rules and standards.

ECF No. 135 at 2. The Court and the parties find themselves back in this situation despite the Court providing the plaintiff with opportunities to seek leave to amend. And the background of

3

this case shows that when now-retired Magistrate Judge Hegarty was presiding over this case, the plaintiff was also given ample opportunities to amend his claims.

As discussed in his April 25, 2024 Order, this case began as a one-claim case relating to the water supply at Sterling Correctional Facility when the plaintiff was incarcerated there from March 2021 to April 2022. *Hoid v. Williams*, No. 23-cv-00462-MEH, 2024 WL 3553451, at *1 (D. Colo. Apr. 25, 2024). The court reviewed the complaint and recommended that the claim be dismissed as barred by the Eleventh Amendment. *Id*. at 1–2 (citing ECF No. 10)). The plaintiff sought leave to amend, which was granted. *Id*. The court's review of that amended complaint revealed that the "Plaintiff failed to allege that either named Defendant violated his rights." *Id*. (citing ECF No. 19). And while reaching that conclusion, "[t]he Court's Order also provided explanations of individual versus official capacity claims and the deliberate indifference standard under the Eight Amendment." *Id*. The plaintiff then filed competing motions to amend some of which were denied as moot. *Id*. at 2. The defendants filed a motion to dismiss, which was fully briefed for a period, but then the plaintiff again sought leave to amend. *Id*. Judge Hegarty analyzed that request and concluded that the plaintiff unduly delayed seeking leave to amend, the defendants would be unduly prejudiced by allowing amendment, and amendment would be futile. *Id*. at 3. Therefore, he concluded that leave to amend was not warranted. *Id*. However, Judge Hegarty also found that the question of exhaustion of administrative remedies needed to be addressed because exhaustion "is mandatory and 'unexhausted claims cannot be brought in court.'" *Id*. at 4 (quoting *Williams v. Bock*, 549 U.S. 199, 211 (2007)). As a result, he denied the pending motion to dismiss without prejudice and ordered the defendants to file a new Rule 12 motion. *Id*. They did so, ECF No. 87, but soon thereafter, the plaintiff requested a stay, ECF No. 88, and this case was administratively closed, ECF No. 92, which resulted in that motion never being decided. As detailed above, since the case has been re-opened, the plaintiff has been given

4

additional opportunities to amend his claims and has been unable to do so in compliance with the applicable rules and this Court's Orders. But this case must move forward. It cannot linger on the Court's docket forever and the plaintiff has had myriad opportunities to be heard in this case.

Based on this history, the Court finds that the best way forward is to set a deadline for the defendants to respond to what is the operative complaint, ECF No. 24.

Accordingly, it is hereby ORDERED:

- ECF Nos. 135, 141, 142, 155, 156, 160, 167, 169, 170, and 175 are **STRICKEN**;

- **On or before June 12, 2026**, the defendants shall respond to the operative complaint, ECF No. 24;

- If the defendants file a motion in lieu of an answer, the plaintiff shall file his response to the motion in accordance with D.C.COLO.LCivR 7.1(d) (setting 21-day deadline for filing response brief);

- The response must comply with all applicable rules and standards; and

- **The plaintiff is WARNED that the filing of any document on the docket that does not comply with all applicable rules, standards, and Court Orders will result in that document being summarily stricken and may result in the imposition of sanctions, which may include dismissal of this case**.

Entered this 21st day of May, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge